# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60466
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2014

Lyle W. Cayce
Clerk

MARVIN PEREZ RIOS, also known as Marvin Rios Perez,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 938 368

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marvin Perez Rios, a citizen and native of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his application for withholding of removal. For the following reasons, we deny the petition.

We will not reverse a decision to deny withholding of removal unless the record compels it. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60466

Further, the BIA's interpretation of immigration regulations is entitled to deference. *Orellana-Monson v. Holder*, 685 F.3d 511, 520-22 (5th Cir. 2012).

According to Perez Rios, he is entitled to relief because he faces persecution based on his membership in a particular social group, which he describes as being made up of persons whose families are successful and have money, making them targets for extortion by gang members. He asserts that his receipt of a $300,000 settlement will make him a target of a gang if he is returned to Honduras. Further, he contends that he belongs to a social group made up of young men targeted for gang recruitment.

We have declined to "recognize economic extortion as a form of persecution under immigration law" or to recognize the wealthy or persons who earn a living as a protected group. *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012). Further, we have upheld BIA determinations that persons who resist recruitment by gangs do not constitute a particular social group. *See Orellana-Monson*, 685 F.3d at 521-22. Given the foregoing, we find no error in the BIA's determination.

PETITION DENIED.